24-2457-cv
Kampfer v. Fadale

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

---

Douglas E. Kampfer,

> *Plaintiff-Appellant,*

v.                                                          24-2457

Sean H. Fadale, Nathan Littauer
Hospital Administrator; Dr.
Mohammad Al-Hasan, Emergency
Room Physician Nathan Littauer
Hospital; Nathan Littauer Hospital,

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Douglas E. Kampfer, pro se, Mayfield, NY. |
| **FOR SEAN H. FADALE AND NATHAN LITTAUER HOSPITAL:** | Mark J. Lemire, Burke, Scolamiero & Hurd, Albany, NY. |
| **FOR MOHAMMAD AL-HASAN:** | Evan J. Lyman, Vouté, Lohrfink, McAndrew, & Meisner, LLP, White Plains, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

Douglas Kampfer, pro se, appeals from the district court's dismissal of his complaint against Sean Fadale, Mohammad Al-Hasan, and Nathan Littauer Hospital ("Defendants") for lack of subject-matter jurisdiction. Kampfer's complaint invoked various Medicare and Medicaid regulations, *see* 42 C.F.R. §§ 482.1, 482.13(b)(2), 482.13(c)(3), and 42 U.S.C. § 1983. The district court concluded that those regulations did not create a private right of action and that Defendants were not acting under color of state law, which is required for liability

2

under § 1983.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"In reviewing a district court's dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), this Court reviews factual findings for clear error and legal conclusions de novo."  *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113 (2d Cir. 2024) (cleaned up).  "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction.  Rather, we ask whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction."  *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (cleaned up).

In this case, the district court reasoned that it lacked subject-matter jurisdiction because Kampfer's complaint failed to plausibly allege a Section 1983 claim or a claim under the Medicaid and Medicare regulations.  If the district court had dismissed under 12(b)(6), we would be inclined to agree with its reasoning.  It is unlikely that Kampfer can bring a claim under the regulations he relies upon, as "[i]mplied rights of action are disfavored," *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 128 (2d Cir. 2020), and Kampfer faces an uphill battle in adequately alleging a Section 1983 claim, as we have found that private medical facilities are

not acting under color of state law for purposes of Section 1983 when providing medical treatment, *see, e.g.*, *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 258-60 (2d Cir. 2008); *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000). But here, the district court erred by treating the question whether Kampfer's complaint stated a claim as an issue of subject-matter jurisdiction. Subject-matter jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). If the regulations on which Kampfer relies do not provide a private right of action and Defendants have not acted under color of state law, that "calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.*

For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4